1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE EASTERN DISTRICT OF CALIFORNIA

8    WELLS FARGO BANK, N.A.,

9              Plaintiff,                    No. 2:13-cv-0348 GEB GGH PS

10        vs.

11   ALICE KIRKPATRICK, et al.,
                                    FINDINGS AND RECOMMENDATIONS
12            Defendants.

13   _____/

14            This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

15   It was removed from state court on February 21, 2013 by defendants, based on diversity and

16   federal question jurisdiction.  Nevertheless, a district court has "a duty to establish subject matter

17   jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not."

18   United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see

19   also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th

20   Cir. 2003).  Because subject matter jurisdiction may not be waived by the parties, a district court

21   must remand a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners

22   Ass'n, Inc., 346 F.3d at 1192 (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.,

23   159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final

24   judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

25   remanded").  Having reviewed the notice of removal, the court finds that the action should be

26   remanded to state court due to lack of subject matter jurisdiction.

1          Removal jurisdiction statutes are strictly construed against removal.  See Libhart

2  v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

3  rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980

4  F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

5  invoking removal."  Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994),

6  *overruled on other grounds by* Leeson v. Transamerica Disability Income Plan, 671 F.3d 969,

7  979 (9th Cir. 2012).

8          A plaintiff may bring suit in federal court if his claim "arises under" federal law.

9  28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A state court defendant

10  cannot invoke the federal court's original jurisdiction.  But he may in some instances invoke the

11  court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical

12  to those for invoking its original jurisdiction.  The requirements for both relate to the same end,

13  that is, federal jurisdiction.

14          Removal of a state court action is proper only if it originally could have been filed

15  in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by

16  removal, only those cases in which a well-pleaded complaint establishes either that federal law

17  creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

18  of a substantial question of federal law."  Franchise Tax Board v. Construction Laborers

19  Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal

20  law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

21  93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove

22  an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.

23  v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by

24  defendant on the basis that defendant's counterclaim raised a federal question).

25          Here, the exhibits attached to the removal petition establish that the state court

26  action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt.

1  No. 1, at pp. 10-11.)  This court has no jurisdiction over unlawful detainer actions which are

2  strictly within the province of the state court.  Defendants' removal petition asserts federal

3  jurisdiction "resulting from [Defendants'] Discovery Request and Demands for 'THE

4  ORIGINAL BLUE INK PROMISSORY NOTE,' and as to identify the statutory basis for the

5  discovery request/demands and other claims."  (Dkt. no. 1 at 1.)  Such  averments do not

6  establish federal question jurisdiction.

7          The removal petition also asserts complete diversity because defendants reside in

8  California.  The citizenship of Wells Fargo Bank, N.A., however, is not addressed in the notice

9  of removal.  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be

10  diverse from each defendant, and the amount in controversy must exceed $75,000.  Defendants

11  do not assert that the amount in controversy exceeds $75,000 in this case.  Even if they made

12  such a claim, they are informed that the measure of damages is limited to the amount sought in

13  the complaint, not the value of the property.  Signet Doman, LLC v. Sam Aintablian, 2012 WL

14  5512388 (C.D. Cal. Nov. 14, 2012).  Here, the complaint seeks possession of the subject property

15  as well as restitution in an unnamed amount.  (See Dkt. No. 1, at p. 11.)  These requested

16  damages do not satisfy the amount in controversy requirement.

17          Defendants have not provided a sufficient basis to remove the action to federal

18  court.  Based on the aforementioned analysis, the court finds that remand is appropriate, because

19  there is no subject matter jurisdiction.

20          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

21          1.  The action be remanded to San Joaquin County Superior Court, Lodi Branch;

22          2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

23  San Joaquin County Superior Court, Lodi Branch, and reference the state case number (39-2012-

24  00289560-CL-UD-LOD) in the proof of service; and

25          3.  The Clerk be directed to close this case.

26  \\\\\

1      These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3   fourteen (14) days after being served with these findings and recommendations, any party may

4   file written objections with the court and serve a copy on all parties.  Such a document should be

5   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

6   objections shall be served and filed within seven (7) days after service of the objections.  The

7   parties are advised that failure to file objections within the specified time may waive the right to

8   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: February 27, 2013

10

11                              /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE

12

    GGH/076
13  WellsFargo0348.rem.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26